Case 4:24-cv-00808   Document 11   Filed on 09/25/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAMOND FUNES, § | |
| § | |
| *Plaintiff,* § | |
| VS. § | |
| § | CIVIL ACTION NO. 4:24-cv-00808 |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, § | |
| § | |
| *Defendant.* § | |

## ORDER

Pending before this Court is Ramond Funes' ("Plaintiff") Motion to Compel Appraisal and [for] Abatement. (Doc. No. 3). Allstate Vehicle and Property Insurance Company ("Defendant") responded in opposition. (Doc. No. 6). Having considered the motion and the relevant pleadings, the Court **DENIES** the motion without prejudice. (Doc. No. 3).

The facts are generally undisputed. Plaintiff filed a claim in or around February 2021 for broken pipes at his property that was insured by Defendant. (Doc. No. 6 at 1). He withdrew the claim in March 2021, but then retained an attorney and pursued the claim with Defendant in February 2023. (*Id.*). Defendant inspected the property and found that the home had been re-piped. (*Id.*). It requested the plumbing report and/or invoice for the re-piping, (*id.*), but Plaintiff failed to oblige, (*id.* at 3). As such, Defendant denied the request for appraisal for "lack of cooperation by the insured." (*Id.* at 1). Subsequently, Plaintiff brought this suit in state court, (Doc. No. 1-1 at 6), and Defendant removed, invoking this Court's diversity jurisdiction, (Doc. No. 1).

Now, Plaintiff seeks to compel appraisal and abate the suit because "[c]ompletion of appraisal in accordance with Defendant's policy is a condition precedent to filing suit on the insurance contract." (Doc. No. 3 at 2). According to Defendant, however, cooperation with the

insurer, too, is a condition precedent. (Doc. No. 6 at 3) (quoting Plaintiff's insurance policy). The insurance policy specifically states:

> In the event of a loss to any property that may be covered by this policy, you must: . . .
>   d) give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies
>   . . . .
> We have no duty to provide coverage under this section if you, an insured person, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to us.

(Doc. No. 6-6 at 43). Plaintiff has failed to provide the plumbing report or invoices when requested and, as far as this Court is aware, is continuing to balk at providing this information.

The Court acknowledges that "[t]he plumbing system in question has already been replaced and cutouts were done." (Doc. No. 6 at 2). That, of course, does not necessarily absolve Plaintiff or Defendant of their policy obligations, even if that means they must compare the plumbing report, photographs, and/or invoices to the current state of the pipes. Moreover, Defendant's contention that the "nature of the repairs makes it impossible to determine what damage was caused by a covered loss versus what was caused by non-covered events such as long-term deterioration of the pipes," (*Id.*), may or may not be meritorious given the Supreme Court of Texas holding in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009). In *Johnson*, the Court held that:

> [While w]ear and tear is excluded in most property policies . . . if [the insurer] is correct that appraisers can never allocate damages between covered and excluded perils, then appraisals can never assess . . . damages unless [the property in question] is brand new. That would render appraisal clauses largely inoperative, a construction we [the courts] must avoid.

290 S.W.3d at 892–93.

2

Given these two competing positions, Plaintiff's Motion to Compel Appraisal and [for] Abatement is **DENIED** without prejudice until such time as Plaintiff furnishes Defendant with the requested plumbing report, all photographs of the pipes and the area in question (if any), and/or all invoices and satisfies any other relevant conditions precedent.

Signed on this the 25th day of September 2024.

_____
Andrew S. Hanen
United States District Judge